UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CARLOS MARTINEZ-BERMUDEZ, ) | 1:10-cv-00327-JLT HC | |
| Petitioner, ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR HABEAS RELIEF | |
| v. ) | | |
| H. A. RIOS, Warden, ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE | |
| Respondent. ) | | |

**PROCEDURAL HISTORY**

Petitioner, presently confined at the United States Penitentiary in Atwater, California, is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On March 8, 2010, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 3).

In the instant petition, Petitioner alleges that he has been in the custody of the Bureau of Prisons ("BOP") since 2001, following a federal conviction for a violation of 18 U.S.C. § 2119(3), carjacking, which resulted in a life sentence. (Doc. 1, pp. 2-3). Petitioner further alleges that, in 2006, the BOP implemented a "separation" order requiring Petitioner to be segregated from the general prison population in any facility in which members of the "NETA" gang were present. (Doc. 1, p. 2). Petitioner alleges that, despite his transfer to various prisons during the ensuing four years,

he has been kept in a segregated prison unit, separate from the general population, pursuant to the BOP's separation order, because of the presence of NETA members in the general prison population. (Id., p. 3). Petitioner maintains that by implementing such a policy, the BOP has denied him the normal privileges accorded to the general prison population, including restrictions on family visitation, access to the prison law library, use of reading materials, and participation in educational, vocational, and employment programs within the prisons. (Doc. 1, p. 4). Petitioner argues that such policies have violated his due process rights, that they violate the BOP's own policy statements and federal regulations, and that they constitute cruel and unusual punishment under the Eighth Amendment. (Doc. 1, p. 3).

Petitioner does not seek monetary relief. Rather, he seeks an order from this Court transferring him to the custody of the Territory of Puerto Rico for continued incarceration in Puerto Rico. (Doc. 1, p. 6). Petitioner also seeks an order directing the BOP to thoroughly review Petitioner's custody and correctly reduce him to a lower security status in order to qualify Petitioner for placement at an institution that is free of NETA members. (Id.).

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. This Court must dismiss a petition "[i]f it plainly appears from the face of the petition...that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.3d 490 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). After careful consideration, the Court concludes that it must dismiss the instant petition because Petitioner has failed to state a cognizable claim for federal habeas relief.

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Writ of habeas corpus relief extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3).

1   Specifically, a habeas corpus action is the proper mechanism for a prisoner to challenge the fact or
2   duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Badea v. Cox, 931
3   F.2d 573, 574 (9th cir. 1991); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1990).
4         Here, Petitioner does not challenge the fact or duration of his confinement. Indeed, he
5   expressly states that he is not raising such a challenge. (Doc. 1, p. 1). Rather, Petitioner challenges
6   the conditions of his confinement, i.e., segregated housing with restricted privileges and BOP's
7   refusal to transfer Petitioner to a facility where such restrictions will not be imposed.
8         Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper
9   mechanism for a prisoner seeking to challenge the conditions of his confinement. See Bivens v. Six
10  Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971); see
11  also, e.g., Burnette v. Smith, 2009 WL 667199 at *1 (E. D. Cal. Mar. 13, 2009)(petitioner's
12  confinement in segregated unit for security purposes and prison's refusal to transfer petitioner should
13  be raised as Bivens action, not as § 2241 habeas action); Nostratis v. Sugrue, 2009 WL 462732 at *1
14  (E.D. Cal. Feb. 23, 2009)(petitioner's claim that he should be transferred to another facility should
15  be raised in Bivens action, not a § 2241 habeas proceeding); Christian v. Deboo, 2007 WL 470587 at
16  *1 (E.D. Cal. Feb. 9, 2007)(petitioner's claim that prison had refused to transfer him to another
17  facility should be brought as Bivens action, not § 2241 proceeding); Evans v. U.S. Pentitentiary,
18  2007 WL 4212339 at *1 (E.D. Cal. Nov. 27, 2007)(petitioner is not entitled to habeas relief under
19  §2241 because his claims regarding a recent transfer and inadequate medical care concern conditions
20  of his confinement); Blow v. Bureau of Prisons, 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20,
21  2007)(habeas relief under § 2241 does not extend to petitioner's requests for transfer to another
22  facility and access to law library because they concern conditions of his confinement); Wilson v.
23  Wrigley, 2007 WL 1378024 at *2 (E.D. Cal. May 10, 2007)(petitioner is not entitled to habeas
24  corpus relief under § 2241 because his request to be transferred to another institution does not impact
25  the duration of his confinement).
26        Such district court decisions are consistent with case law from the Ninth Circuit as well as
27  other circuit courts of appeals. See e.g., Crawford v. Bell, 599 F.2d 890, 891-892 (9th Cir.
28  1979)(upholding dismissal of petition challenging conditions of confinement, the Ninth Circuit noted

1  that "the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.");
2  Blum v. Floyd, 1997 WL 599370 at *1 (Sept. 22, 1997 9th Cir. Ariz.)(petitioner's claim of retaliatory
3  transfer by prison officials is properly brought under Bivens rather than § 2241); Glaus v. Anderson,
4  408 F.3d 382, 387-388 (7th Cir. 2005)(following U.S. Supreme Court holding in Sandin v. Conner,
5  515 U.S. 472, 484, 115 S.Ct. 2293 (1995), that restrictions on housing or movement within prison
6  are generally not cognizable in habeas unless they impose atypical and significant hardship on the
7  inmate in relation to the ordinary incidents of prison life);  Boyce v. Ashcroft, 251 F.3d 911, 914
8  (10th Cir. 2001), *vacated on other grounds* by Boyce v. Ashcroft, 268 F.3d 953 (10th Cir.
9  2001)("[P]risoners who want to challenge their convictions, sentences or administrative actions
10 which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must
11 petition for a writ of habeas corpus;" however those "who raise constitutional challenges to other
12 prison decisions-including transfers to administrative segregation, exclusion from prison programs,
13 or suspension of privileges, e.g., conditions of confinement, must proceed under Section 1983 or
14 Bivens.").

15     Based on the foregoing, the Court concludes that Petitioner is challenging only the conditions
16 of his confinement.  There is no possibility that the Court could afford Petitioner any "sentence-
17 shortening" relief, i.e., relief that would affect the fact or duration of his incarceration.  Accordingly,
18 Petitioner is not entitled to habeas corpus relief under § 2241 and this action must be dismissed
19 without prejudice to his filing a Bivens civil rights action.

20                           **ORDER**

21     Accordingly,  the Court HEREBY ORDERS:
22     1.    The petition for writ of habeas corpus (Doc. 1), is DISMISSED for failure to state a
23         claim upon which habeas relief can be granted;
24     2.    The Clerk of the Court is DIRECTED to enter judgment and close the file.
25     3.    No certificate of appealability is required.
26 IT IS SO ORDERED.
27 Dated:   **April 2, 2010**                                          **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE
28